UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CANH M. HOANG, M.D. | CIV. A. NO.: |
| | DIV/SECT: |
| | JUDGE: |
| VERSUS | |
| | MAG. JUDGE |
| NATIONAL BOARD OF MEDICAL EXAMINERS | |

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel advances **Petitioner, CANH M. HOANG,** (hereinafter "Petitioner'), a person of the full age of majority who is a resident of the State of Louisiana and domiciled in the Parish of Jefferson, and who respectfully submits this COMPLAINT FOR DAMAGES as follows:

1.

This is an civil action asserting two causes of action for negligence and breach of contract for the recovery of actual, compensatory and consequential damages against defendant, the National Board of Medical Examiners.

2.

## Parties

**Petitioner, Canh M. Hoang, M.D.**, is a natural person who has reached the full age of majority, and resides and is domiciled at 1244 Barbe Drive, Westwego, Louisiana in the Parish of Jefferson.

Made party-defendant herein is:

The **National Board of Medical Examiners**, a non-profit corporation organized under the laws of the District of Columbia, whose principal place of business is located at 3750 Market Street, Philadelphia, Pennsylvania.

3.

## Jurisdiction and venue

Jurisdiction and venue are appropriate to this defendant pursuant to 28 U.S.C. §1332, as there exists complete diversity of citizenship between the Petitioner and the party-defendant; the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs; and, the defendant cited herein has met minimum contacts with this jurisdiction. Petitioner, Canh M. Hoang is an individual who resides in this district. Defendant, National Board of Medical Examiners is a non-profit District of Columbia corporation whose principal place of business is located at 3750 Market Street, Philadelphia, Pennsylvania. The Court has personal jurisdiction over Petitioner as he resides in the district; and, personal jurisdiction over the defendant, as defendant conducts business in the district.

## Allegations of Fact

4.

The United States Medical Licensing Exam ("USMLE") is a national exam offered to qualified examinees in order to obtain a medical licensure in the United States and to qualify for entry into medical residency training programs. The USMLE is administered by defendant, the National Board of Medical Examiners ("NBME"). The NBME is a not-for-profit organization that provides examinations for the health professions. Its mission is to help protect the public through state-of-the-art assessment of the knowledge and skills of prospective health care providers. The NBME was founded in 1915 because of the need for a voluntary, nationwide examination system that medical licensing authorities could use as a common standard by which to evaluate candidates for medical licensure.

5.

The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles. There are three parts of the USMLE, known as "Steps." Passage of all three Steps is accepted by all U.S. medical licensing authorities to satisfy the examination requirements for licensing physicians holding the M.D. or its equivalent degree in the case of graduates of international medical schools. All three USMLE Step exams, except for the Clinical Skills component of Step 2, include multiple-choice questions. The multiple-choice questions are administered in a computer-based (rather than handwritten) format. The USMLE is administered at locations around the world to individuals who are attending, or have attended, medical schools in the United States and in other countries.

6.

The USMLE Step 2 exam, which includes a Clinical Knowledge component ("Step 2 CK") and a separate Clinical Skills component ("Step 2 CS"), assesses whether the examinee can apply medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision, and emphasizes health promotion and disease prevention. Step 2 is designed around principles of clinical sciences and basic patient-centered skills that provide the foundation for the safe and competent practice of medicine.

7.

Petitioner contracted with defendant to sit for and take the USMLE. On October 22, 2008, Petitioner took the "Step 2-Clinical Skills" component of the USMLE in which examinees are graded on a pass/fail basis of their clinical knowledge and skill interaction with standardized patients.

8.

On or about December 24, 2008, Petitioner was informed by defendant that Petitioner passed two out of the three component parts of the USMLE, but had failed the "Step 2-Clinical Skills" portion of the exam.

9.

As a direct cause thereof, Petitioner was required to re-take "Step 2-Clinical Skills" portion of the USMLE in order to successfully complete this exam and, thereafter, receive his medical licensure and be eligible for entry into a medical residency training program.

10.

Further, as a result of Petitioner's Step 2 Clinical Skills scores being reported by defendant as a "fail" grade, Petitioner was unable to qualify for entry into medical residency training programs and was compelled to delay the application process to several medical residency programs by one year as he had to re-take the aforementioned exam component in order to successfully complete and pass the USMLE, and, therefore, receive his medical licensure.

11.

As a direct and proximate cause of the aforementioned "fail" grade reported by defendant, Petitioner was compelled to take the Step 2 Clinical Skills component of the USMLE a second time.

12.

On January 29, 2009, Petitioner took the Step 2 Clinical Skills component of the USMLE for a second time. The January 29, 2009 setting was the earliest possible setting wherein Petitioner could re-take Step 2. Notwithstanding Petitioner's second Step 2 exam, Petitioner was further damaged as he was unnecessarily delayed in securing a placement in a medical residency program of his choice as the deadline(s) for applying to these programs had elapsed.

13.

On August 9, 2009, in a letter to Petitioner, defendant informed Petitioner that his original "fail" grade for his first USMLE-Step 2 Clinical Skills component, which Petitioner took on October 22, 2008, was erroneously reported as such and was thereafter being corrected to

report that Petitioner had, in fact, "passed" that portion of the exam, and consequently, the USMLE in its entirety.

14.

In defendant's aforementioned letter to Petitioner, defendant stated that Petitioner's "fail" grade was changed to a "pass" grade after an undisclosed issue/deficiency was detected which affected the rating process of patient notes that examinees completed after their encounters with standardized patients.

## Claims Asserted and Damages

15.

The allegations of fact made in Paragraphs 1 through 14 above are incorporated herein as if reproduced in full.

### Count 1: Negligence

16.

As a result of the aforementioned events and unreasonable conduct attributable to the defendant or its employees or agents as described herein, defendant is liable unto Petitioner pursuant to Louisiana Civil Code article 2315, 2316 and 2317 for any and all of the general and special damages suffered by Petitioner. Said negligent act(s), omission(s) and/or unreasonable conduct are the cause-in-fact and proximate cause of Petitioner's damages and include, but are not limited to, the following:

(a) The failure by defendant, their employees, representatives, agents and/or mandates to exercise reasonable care and/or reasonably perform within the scope of their duties to Petitioner to accurately create, perform, administer, grade,

compute, review, evaluate, report and/or publish Petitioner's original examination and the results thereto;

(b) Providing its employees, representatives, agents and/or mandates with a grading matrix that was inaccurate, incomplete or otherwise erroneous; and,

(b) The negligent performance, administration, grading, evaluation and review of Petitioner's examination and the results thereof by defendant, their employees, representatives, agents and/or mandates;

(c) The negligent reporting, computation and publication of Petitioner's examination results by defendant, their employees, representatives and/or mandates; and,

(d) Unreasonably delaying the discovery and disclosure of the erroneous test results to Petitioner.

### Count 2: Breach of Contract

17.

As a result of act(s), omission(s) and/or unreasonable conduct previously described herein, defendant, and their employees, representatives, agents and/or mandates, have failed to adequately and timely perform the fee-for-services for which defendant was contracted by Petitioner, or alternatively, defendant has only partially performed its contractual obligations to Petitioner, namely to accurately, timely and/or competently create, administer, grade, compute, evaluate, review, and report Petitioner's true examination results.

### Damages

18.

Petitioner has suffered and continues to suffer actual and consequential damages in the form of pecuniary and non-pecuniary loss and, pursuant to Louisiana Civil Code article 2315, is

justly entitled to recovery from the defendant for said damages, including, but not limited to the following:

    (a)    The loss of one (1) year's future income, employment-related benefits, fringe benefits, and retirement benefits/contributions;

    (b)    The incurrence of unnecessary fees, costs, time and personal expenses associated with Petitioner's taking the Step 2 component for a second time;

    (c.)    The loss of enjoyment of life, worry, concern and anxiety;

    (d)    Damage to Petitioner's professional reputation and goodwill;

    (e)    Any and all general or special damages which Petitioner may have suffered and continues to suffer as a result of the un-necessary delay in the matriculation of Petitioner's career.

### Jury Demand

19.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Petitioner prays and respectfully demands for a trial by jury of the controversy and its claims, allegations and prayers for relief contained herein.

**WHEREFORE, PETITIONER, CANH M. HOANG** demands judgment of and from Defendant, National Board of Medical Examiners, for actual and consequential damages previously plead herein in an amount in excess of this Court's minimum jurisdictional requirements; attorneys' fees and costs associated with the prosecution of this action; punitive damages in an amount calculated to deter these Defendant and those similarly situated from like conduct in the future; prejudgment interest on all such amounts, in a total amount within the jurisdictional limits of this Court, in an exact amount to be established at trial of this action.

Further, Petitioner also prays for any other relief, both legal and equitable, to which Petitioner may be entitled.

Date: July 1, 2010.

Respectfully submitted:

**LITTLEJOHN LAW FIRM, L.L.C.**

s/ Douglas A. Littlejohn

**Douglas A. Littlejohn**
La. Bar Roll No.: 28381
The Plaza Building
327 North Boulevard, Suite 213A
P.O. Box 3433
Baton Rouge, LA 70802
Telephone:   (225) 388-9820
Facsimile:   (866) 498-2396
E-mail:   doug@littlejohnlawfirm.com

and by,

**MCGLYNN, GLISSON & MOUTON,
ATTORNEYS AT LAW**

s/ Benjamin P. Mouton

**Benjamin P. Mouton (T.A.)**
La. Bar Roll No.: 20305
340 Florida Street (70801)
P.O. Box 1909
Baton Rouge, LA  70821-1909
Telephone:   (225) 344-3555
Facsimile:   (225) 344-3666
E-mail:   ben@mcglynnglisson.com

*Attorneys for Petitioner, Canh M. Hoan, M.D.*

Service information:

PLEASE ISSUE CITATION AND SERVICE
VIA LOUISIANA LONG ARM STATUTE (LSA-R.S. 13:3201 et.seq.)

1. National Board of Medical Examiners
   Through its registered agent
   CT Corporation System
   1015 15th Street N.W., Suite 1000
   Washington, D.C.